William G. Johnston Company v. Commissioner.
William G. Johnston Co. v. Commissioner
Docket No. 6691.
United States Tax Court
1945 Tax Ct. Memo LEXIS 10; 4 T.C.M. (CCH) 1101; T.C.M. (RIA) 45376; December 18, 1945
*10 Marcus W. Stoner, Esq., 730 Oliver Bldg., Pittsburgh, Pa., and W. H. Specht, C.P.A., 917 Park Bldg., Pittsburgh, Pa., for the petitioner. Richard L. Shook, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: The Commissioner has determined a deficiency of $3,436.21 in petitioner's income tax for 1942. Most of the deficiency results from the partial disallowance of an item of accrued interest. The facts have been stipulated and are in substance as follows: [The Facts] Petitioner is a Pennsylvania corporation with its principal place of business located at 1130 Ridge Avenue, Pittsburgh. It filed its income and declared value excess profits tax return for 1942 with the collector of internal revenue for the twenty-third district of Pennsylvania, at Pittsburgh. Petitioner kept its accounts and made its returns on the accrual basis. Petitioner conducts a printing and binding business which purchases its supplies on credit from various paper supply concerns in and around Pittsburgh. In the latter part of 1935 petitioner found that it was financially unable to meet its current obligations and on December 3rd of that year a Creditors' Committee was *11 organized to take over the management of the business. As of December 11, 1935, there were 44 creditors with claims aggregating $82,295. The amounts owing to the 3 principal creditors and the aggregate amount owing to the other 41 creditors were as follows: The Alling & Cory Company
$13,015.28
Chatfield & Woods Company of
Pennsylvania
15,340.54
Whitaker Paper Company
4,472.69
41 creditors
49,466.49
Total
$82,295.00
A letter was mailed to the creditors by the Creditors' Committee on December 11, 1935, outlining a plan of operation which was accepted by a majority of the creditors. Petitioner was operated by the Creditors' Committee during 1936. On December 11, 1936, the Committee sent another letter to the creditors advising them of the state of petitioner's business affairs and recommending a further extension of the plan which was to expire December 31, 1936. This letter stated in part that: "In consideration of creditors' extensions to December 31, 1937, the Board of Directors of William G. Johnston Company authorizes a 1% monthly payment to be paid out of earnings on or before the 25th of each month during 1937, on balances as of record of September 1, 1935, with *12 the further understanding that interest at the rate of 4% per annum shall be accrued from January 1, 1936, to December 31, 1936, and thereafter at the same yearly rate on all unpaid balances. It is further recommended that power be vested in the Creditors' Committee to increase the amount of such proportionate payments or omit said payments if in its judgment either of such actions is deemed advisable for the best interests of all concerned." The creditors accepted the recommendations set forth in the letter referred to above and the Committee continued to operate petitioner's business until the close of 1942. The 3 principal creditors all had representatives on the Committee. Prior to December 31, 1942, the claims of the 41 minor creditors were all settled and no interest was ever paid to any of such creditors. No accruals of interest on the claims of any of the creditors were ever made on petitioner's books for any of the years 1935 to 1941, inclusive, and no deductions for such interest were claimed in petitioner's returns for those years. In 1942, however, petitioner accrued on its books, and deducted in its return for 1942, the following amounts of interest on the accounts *13 of its 3 principal creditors for the years 1935 to 1942, inclusive: Year
Interest Accrued
1935
$ 438.08
1936
1,313.53
1937
1,240.04
1938
1,085.21
1939
951.12
1940
702.78
1941
708.13
1942
695.96
$7,134.85
The interest so accrued remained unpaid at the close of 1942. The petitioner's operating profits or losses as disclosed on its income tax returns for the years 1936 to 1941, or as subsequently adjusted, were: Year
Profit or Loss
Tax Paid
Net
1936
($7,629.49)
None
($7,629.49)
1937
2,814.07
$ 429.07
2,385.00
1938
( 4,635.74)
None
( 4,635.74)
1939
8,640.17
1,115.88
7,524.29
1940
4,483.23
657.25
3,825.98
1941
3,126.09
646.44
2,479.65
In determining the deficiency herein the respondent allowed $695.96 of the accrued interest deduction claimed of $7,134.85, that being the interest accruing on the accounts of the 3 principal creditors for the taxable year 1942, and disallowed the balance. Whether or not he erred in so doing is the only issue raised in this proceeding. The respondent also allowed a similar deduction of $708.13 for 1941 but that year is not before us here. According to the stipulated *14 facts petitioner was legally obligated to pay interest on all of the creditors' accounts upon the terms stated in its agreement of December 11, 1936. The evidence does not show why petitioner did not regularly accrue such interest in its books from year to year, neither does it show why the interest on the 3 principal accounts for all of the years 1935 to 1942, inclusive, was accrued in the books in 1942. Petitioner states in its brief that there was nothing in the conduct of the creditors until 1942 to indicate that the interest would be demanded and that: "* * * Not until the demand for interest was made by the three creditors in 1942 was the liability established in such definite status that it might be accrued as a liability of the petitioner. Hence, the petitioner was correct in accruing in 1942 the interest which had accumulated since 1936 on the claims of the three creditors who demanded their interest in that year." The respondent's position is that the interest for the years prior to 1942 was accruable in those years and not in 1942; that nothing occurred in 1942 which gave rise to an accrual in that year of any interest for the prior years. In its brief petitioner further *15 states "as propositions of law" that until liability of the taxpayer for a claim is definitely established, no accrual thereof may be made for tax purposes. Accrual must be made in the year in which the liability is finally established. Petitioner cites ; ; ; and . Assuming that petitioner is correct both in its statement of facts and its propositions of law, it would still not be entitled to the deduction claimed. For it can not be disputed that petitioner's liability for interest on all of the creditors' accounts was definitely established by its agreement with the creditors as set forth in the letter of December 11, 1936. That liability was in no sense contingent upon a demand for payment of the interest by the creditors. It was a presently existing liability which continued until the obligations were finally satisfied. The liability accrued each year and was deductible each year to the petitioner keeping its books and *16 making its returns upon the accrual basis. See . We think that the respondent has correctly determined that only the interest accruing on the unpaid indebtedness in the taxable year 1942 is deductible for that year. Decision will be entered for the respondent.